FILED

2012 Feb-13  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND L. SHAW, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; FICTITIOUS DEFENDANTS A, B, and C, being that person, entity or individual who collected on the account or performed any credit reporting activities; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who negligently hired, trained and supervised the person or entity charged with collecting on the account or performed any credit reporting activities; FICTITIOUS DEFENDANTS G, H, and I, being that person, entity or individual who threatened or did cause harm to Plaintiffs including credit reporting; FICTITIOUS DEFENDANTS J, K, and L, being that person, entity or individual who committed the wrongful acts alleged in the Complaint. Names of the Fictitious parties are unknown to the Plaintiffs at this time but will be added by amendment when ascertained,<br><br>    Defendants. | Case No.: _____ |

## DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

COMES NOW, Trans Union LLC ("Trans Union"), and files this Notice of Removal pursuant to 28 U.S.C. §1446(d) and in support thereof would respectfully show the Court as follows:

## A. Procedural Background

1.     On or about January 7, 2012, Plaintiff Raymond L. Shaw ("Plaintiff") filed the Complaint in this action in the Circuit Court of Jefferson County, Alabama, Case No. CV-2012-900059.00 ("State Court Action") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., the Federal Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., and Alabama State Law against the following Defendants: LVNV Funding, LLC, Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC.

2.     The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal. No orders have been entered in the State Court Action as of the filing of this Notice of Removal.

3.     Defendant Equifax Information Services, LLC was served with Plaintiff's Complaint on January 12, 2012. Defendants Trans Union LLC, LVNV Funding, and Experian Information Solutions were each served with Plaintiff's Complaint on January 13, 2012. This Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §1446(b).

## B. Grounds for Removal

4.     The present suit is an action over which the United States District Court, Northern District of Alabama, Southern Division has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States. Removal is thus proper because Plaintiff's claims present a federal question. 28 U.S.C. § 1441(b). In the Complaint, Plaintiff seeks

damages for Defendants' alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* and the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq.

### C. Compliance with Procedural Requirements

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days after Equifax Information Services, LLC was first served with the Complaint, the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

6.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the Northern District of Alabama, Southern Division because it is in the district and division embracing the place where the state court action is pending.

7.      Promptly after the filing of this Notice of Removal, Trans Union shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. § 1446(d).

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant Trans Union in the State Court Action is attached hereto as **"Exhibit A"**.

9.      Trial has not commenced in the Circuit Court of Jefferson County, Alabama.

10.      All Defendants, who have been served upon the date of filing of this Notice of Removal, consent to the removal of this case. Joinders in the Removal from Equifax Information Services, LLC, LVNV Funding LLC, and Experian Information

Solutions, Inc. are attached hereto as **"Exhibit B"**.

WHEREFORE, Trans Union LLC respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Dated: February 10, 2012

Respectfully submitted,

**MATTHEW W. ROBINETT**
ASB-3523-I72M
**ATTORNEY FOR DEFENDANT TRANS UNION LLC**
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL  35203
Telephone: (205) 328-6643
Facsimile:   (205) 251-5479
Email:  mrobinett@nwkt.com

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of February, 2012, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

John G. Watts
john@wattsherring.com
M. Stan Herring
stan@wattsherring.com
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
*Counsel for Plaintiff*

Neal D. Moore
ndm@ffdlaw.com
Patrick W. Franklin
pwf@ffdlaw.com
Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243
*Counsel for Defendant
LVNV Funding, LLC*

Victoria Franklin-Sisson
vsisson@joneswalker.com
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
One Federal Place
1819 Fifth Avenue North
Suite 1100
Birmingham, AL 35203
 and
Brian J. Olson
bjolson@kslaw.com
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
*Counsel for Defendant
Equifax Information Services, LLC*

Laura C. Nettles
lnettles@lgwmlaw.com
Lloyd, Ray, Whitehead & Monroe, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
*Counsel for Defendant
Experian Information Solutions, Inc.*

MATTHEW W. ROBINETT

# EXHIBIT A

State of Alabama
Unified Judicial System

Form C-34  Rev 6/88.

Case 2:12-cv-00516 **SUMMONS** cument 1  File**Case Number**age 7 of 61
- CIVIL -

01-CV-2012-900059.00

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## RAYMOND L. SHAW V. LVNV FUNDING, LLC ET AL

NOTICE TO: TRANS UNION, LLC, C/O PRENTICE-HALL CORP 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION. TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS, AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     RAYMOND L. SHAW
pursuant to the Alabama Rules of the Civil Procedure

| 1/7/2012 10:20:20 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By: |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to: _____

_____ in _____ County, Alabama on _____

Date                     Server's Signature

ELECTRONICALLY FILED
1/7/2012 10:20 AM
CV-2012-900059.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RAYMOND L. SHAW, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| LVNV FUNDING, LLC; EQUIFAX | ) |
| INFORMATION SERVICES, LLC; | ) |
| TRANS UNION, LLC; EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC.; | ) |
| FICTITIOUS DEFENDANTS A, B and C | ) |
| being that person, entity or individual who | ) |
| collected on the account or performed any | ) |
| credit reporting activities; FICTITIOUS | ) |
| DEFENDANTS D, E, and F, being that | ) |
| person, entity or individual who negligently | ) |
| hired, trained and supervised the person or | ) |
| entity charged with collecting on the | ) |
| account or who performed any credit | ) |
| reporting activities; FICTITIOUS | ) |
| DEFENDANTS G, H, and I, being that | ) |
| person, entity or individual who threatened | ) |
| or did cause harm to Plaintiffs including | ) |
| credit reporting; FICTITIOUS | ) |
| DEFENDANTS J, K. and L, being that | ) |
| person, entity or individual who committed | ) |
| the wrongful acts alleged in the Complaint. | ) |
| Names of the Fictitious parties are unknown | ) |
| to the Plaintiffs at this time but will be | ) |
| added by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for his Complaint against the

Defendants states as follows:

1.       This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act

(15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Collection Practices

Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS IN ALABAMA

2.   This case represents a growing trend in the debt collection and credit reporting industries.

3.   A debt buyer will claim to buy the Plaintiff's debt for pennies on the dollar.

4.   The debt buyer will hire a collection law firm to file the suit.

5.   Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

6.   Occasionally, however, the consumer will file an answer and deny owing money.

7.   This causes great annoyance and angst for the debt buyer and the collection law firm.

8.   The reason is that the debt buyer and the collection lawyer know that in virtually every case they will be unable (or unwilling) to prove that the consumer owes this debt to the debt buyer.

9.   This is a reality that the debt buyers and collection lawyers prefer to keep secret from consumers in Alabama.

10.   The case gets set for trial.

11.   Collection efforts by the collection law firm intensify to try and convince the consumer to settle before going to court.

12.   When the trial occurs, the debt buyer does not appear.

13.   The collection law firm appears directly or by means of a substitute counsel.

14.   The trial happens.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

15.   A represented consumer will win the case.

16.   The debt buyer and collection law firm have 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

17.   The debt buyer normally does not appeal.

18.   The debt buyer knows that losing its case means, under Alabama law, that the debt is not owed by the consumer to the debt buyer.

19.   The collection lawyer knows that losing the case means, under Alabama law, that the debt is not owed by the consumer to the debt buyer.

20.   Since the debt is not owed, collection efforts must cease.

21.   Since the debt is not owed, credit reporting must cease by the debt buyer, meaning the tradeline reporting on any credit report must be deleted.

22.   Normally, however, the debt buyer is not willing to give up.

23.   The debt buyer will continue to credit report that the consumer owes the debt.

24.   The same debt that a court determined is not owed.

25.   Often the consumer will be convinced to pay the non-existent debt to get it off their credit report or to stop the other collection activities.

26.   When confronted about their actions, the debt buyer and its agents (including attorneys) will say the false credit reporting was merely an accident caused by one or more of the following (or similar excuses):

27.   "A new person was working who improperly coded the file."

28.   "A simple keyboard error occurred that kept the debt alive."

29.   "The credit reporting was simply to give the consumer a chance to pay off a moral obligation but was not really an attempt to collect the debt."

3

30.    "The debt buyer and/or collection law firm file so many lawsuits, they can't be expected to keep up with which ones they win and which ones they lose."

31.    "The debt buyer did not even know the collection law firm had filed the suit."

32.    "The collection law firm never told the debt buyer the suit had been lost."

33.    The consumer will sometimes dispute with a consumer reporting agency (such as Equifax, Experian, Innovis, and/or Trans Union) that the debt buyer account the consumer was sued on should not be reporting.

34.    The consumer reporting agency will not delete the account, even though it knows it must.

35.    Instead, it will ask the debt buyer, which is a paying customer, what it wants done with the account.

36.    The debt buyer will normally say to keep the account on the credit reporting.

37.    This is one example of the close manner that the credit reporting industry and the debt buying industry work together.

38.    When sued over this illegal conduct, the debt buyer will make the excuses listed above.

39.    When sued, the consumer reporting agency will blame the consumer.

40.    If the consumer did not include a copy of the judgment, the agency will say "If only the consumer had sent us the judgment, then we would have deleted the account."

41.    If, however, the consumer sends the copy of the judgment, the agency will say "You know we can't accept that. It might have been forged!"

42.    The consumer reporting agency will refuse to contact the court or clerk to find out if the case was won by the consumer.

43.    Ultimately, when sued, the debt buyer, and the reporting agency will say "Well, yes, technically this should not have happened but despite losing in court we all know this

4

consumer really did owe the money, so we are allowed to violate multiple state and federal laws."

44.     The Plaintiff in this case disagrees and has brought this case to expose this dark side of the collection and credit reporting industries and how the two industries work hand in hand to abuse consumers across Alabama.

### RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

45.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)     There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

### PARTIES

46.     Plaintiff Raymond L. Shaw (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

47.     Defendant LVNV Funding, LLC, ("Defendants" or "LVNV[2]") is a foreign debt collection firm that engages in the business of debt collection.  It conducts business in Alabama.

48.     Defendant Equifax Information Services, LLC ("Defendants" or "Equifax[3]") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in Alabama.

49.     Defendant Trans Union, LLC ("Defendants" or "Trans Union[4]") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in Alabama.

50.     Defendant Experian Information Solutions, Inc. ("Defendants" or "Experian[5]") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in Alabama.

51.     FICTITIOUS DEFENDANTS A, B and C being that person, entity or individual who collected on the account or performed any credit reporting activities; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who negligently hired, trained and supervised the person or entity charged with collecting on the account or who performed any credit reporting activities; FICTITIOUS DEFENDANTS G, H, and I, being that person, entity or individual who threatened or did cause harm to Plaintiffs including credit reporting; FICTITIOUS DEFENDANTS J, K. and L, being

---

[2] "LVNV" means LVNV directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

[3] "Equifax" means Equifax directly or through its employees and agents who were involved in any credit reporting activities.

[4] "Trans Union" means Trans Union directly or through its employees and agents who were involved in any credit reporting activities.

[5] "Experian" means Experian directly or through its employees and agents who were involved in any credit reporting activities

that person, entity or individual who committed the wrongful acts alleged in the Complaint. Names of the Fictitious parties are unknown to the Plaintiffs at this time but will be added by amendment when ascertained.

52. Any reference to any Defendant or Defendants includes all fictitiously described defendants as if fully set forth.

## FACTUAL ALLEGATIONS

### The Collection Lawsuit

53. On July 18, 2011, Defendant LVNV sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-2011-903423.

54. The lawsuit did not identify the debt allegedly owed by Plaintiff to Defendant LVNV.

55. As is typical in debt buyer lawsuits in Alabama, the debt buyer failed to identify the debt and merely stated the following two pieces of information: (1) LVNV as assignee of Sherman Acquisition [a debt buyer] and (2) "DEFENDANT [Plaintiff Shaw] OWES PLAINTIFF [Defendant LVNV] $1,127.10 DUE ON ACCOUNT STATED BETWEEN THE PLAINTIFF [Defendant LVNV] AND DEFENDANT [Plaintiff Shaw]."

56. The collection complaint by Defendant LVNV was woefully lacking in providing any notice to Plaintiff of the claims asserted, dates involved, or where the alleged debt came from.

57. The design and purpose of this type of improper pleading is to confuse and intimidate consumers such as Plaintiff into paying Defendant LVNV or taking no action and allowing a default judgment to be entered.

7

58.  By examining credit reports, Plaintiff was able to determine that the Defendant LVNV account was supposedly for an HSBC Orchard Bank credit card which, according to the LVNV tradeline had a high balance of $1,127.00.

59.  $1,127.00 is the amount Defendant LVNV sued Plaintiff for in the collection case.

60.  In this suit, Defendant LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff.

61.  Plaintiff did not and does not owe the debt.

62.  Plaintiff's Answer to the collection lawsuit was filed on August 29, 2011.

63.  The Answer stated "Defendant [Plaintiff Shaw] denies owing any money to Plaintiff [Defendant LVNV]."

64.  Defendant LVNV received a copy of this denial.

65.  Defendants LVNV understood that Plaintiff was refusing to pay on this debt.

66.  On September 12, 2011, the state court set the case for trial on October 24, 2011.

67.  Notice was sent to Defendant LVNV and Plaintiff.

68.  At all times Plaintiff was prepared for trial.

69.  Consistent with the lack of any meaningful allegation in the complaint, Defendant LVNV was not prepared for trial at any time.

70.  When Defendant LVNV filed the suit, it had no proof that Plaintiff owed Defendant LVNV any money on this account.

71.  This surprising fact (although rampant in the debt buyer lawsuit context) did not change at any point in the litigation.

8

### Defendant LVNV Loses the Collection Lawsuit Against Plaintiff

72.    On or about October 24, 2011, the Honorable John E. Amari conducted a trial on the collection lawsuit.

73.    An Order was entered on October 26, 2011 by Judge Amari.

74.    The Order states "This case coming on for trial, Plaintiff [Defendant LVNV] appears through counsel and Defendant [Plaintiff Shaw] appears through counsel.  Judgment entered by trial for the Defendant [Plaintiff Shaw].  Order announced in open court."

75.    Defendant LVNV knew it had lost the case.

76.    Defendant LVNV is not the owner of this alleged debt.

### Defendants LVNV Continues to Collect Against Plaintiff Even After Losing the Collection Lawsuit

77.    Defendant LVNV has continued collection activities against Plaintiff.

78.    These continued collection activities include credit reporting.

79.    Based upon information and belief, the continued collection activities include a planned second lawsuit against Plaintiff for this debt.

### Defendants LVNV, Equifax, Experian and Trans Union Falsely Credit Report the Defendant LVNV Account

80.    Defendant LVNV reported and has continued to report to the credit reporting agencies that this collection account belongs to Plaintiff.

81.    After the victory at trial, Plaintiff disputed directly to Defendants Equifax, Experian and Trans Union explaining what happened at trial.

82.    Defendants Equifax, Experian , Trans Union, and LVNV, however, still report this debt on Plaintiff's credit report.

83.    Defendants Equifax, Experian and Trans Union, and LVNV know this debt is not owed.

9

84.    Plaintiff did not and does not owe this money to Defendant LVNV.

85.    The debt being collected is a consumer debt as defined by the FDCPA.

86.    Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

87.    Defendant LVNV is a "debt collector" as defined by the FDCPA.

88.    Plaintiff requested from Defendants Equifax, Experian and Trans Union, and LVNV that
       the account be deleted from Plaintiff's credit reports, as Plaintiff did not owe it, per the
       court's judgment in favor of Plaintiff.

89.    Defendants Equifax, Experian and Trans Union were not concerned and did not care
       about what the state court did in the case as Defendants Equifax, Experian and Trans
       Union did not intend to perform a reasonable investigation.

90.    Defendants Equifax, Experian and Trans Union did not perform any type of reasonable
       investigation.

91.    Defendants Equifax, Experian and Trans Union notified Defendant LVNV in accordance
       with the FCRA of the dispute by the Plaintiff.

92.    Alternatively, Defendants Equifax, Experian and Trans Union did not properly notify
       Defendant LVNV and, as a part of this failure, did not include all relevant information
       provided by Plaintiff in its notification of Defendant LVNV. This includes notification
       that the state court entered a judgment in favor of Plaintiff.

93.    Defendants Equifax, Experian and Trans Union and LVNV failed to properly investigate
       these disputes as if Defendants had properly investigated, the LVNV account would have
       been deleted.

10

## Equifax Keeps the False Credit Reporting

94.   On or about December 2, 2011, Defendant Equifax issued its results of investigation, which shows the Defendant LVNV's account remaining on Plaintiff's credit report with a balance and in collections.

95.   Defendants Equifax and LVNV were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant LVNV through its state court trial counsel that the case was a defeat for Defendant LVNV) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

96.   Defendant Equifax has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

97.   For example, had Plaintiff lost the suit and a judgment was entered in favor of Defendant LVNV, and Plaintiff disputed with Equifax, Plaintiff would have been told by Defendant Equifax that it was bound by the state court judgment which says Plaintiff owes the money.

## Experian Keeps the False Credit Reporting

98.   On or about December 2, 2011, Defendant Experian issued its results of investigation, which shows the Defendant LVNV's account remaining on Plaintiff's credit report with a balance and in collections.

99.   Defendants Experian and LVNV were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant LVNV through its state court trial counsel that the case was a

11

defeat for Defendant LVNV) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

100. Defendant Experian has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

101. For example, had Plaintiff lost the suit and a judgment was entered in favor of Defendant LVNV, and Plaintiff disputed with Experian, Plaintiff would have been told by Defendant Experian that it was bound by the state court judgment which says Plaintiff owes the money.

## Trans Union Keeps the False Credit Reporting

102. On or about December 8, 2011, Defendant Trans Union issued its results of investigation, which shows the Defendant LVNV's account remaining on Plaintiff's credit report with a balance and in collections.

103. Defendants Trans Union and LVNV were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant LVNV through its state court trial counsel that the case was a defeat for Defendant LVNV) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

104. Defendant Trans Union has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

105. For example, had Plaintiff lost the suit and a judgment was entered in favor of Defendant LVNV, and Plaintiff disputed with Trans Union, Plaintiff would have been told by Defendant Trans Union that it was bound by the state court judgment which says Plaintiff owes the money.

12

## Refusal of All Defendants to Correct the Credit Reporting

106. These same Defendants Equifax, Experian and Trans Union, however, refused to rely upon what the state court judge actually said – verdict for Plaintiff.

107. The verdict in favor of Plaintiff means Plaintiff does not owe the money claimed by Defendant LVNV.

108. The state court ruling was a final judgment.

109. This final judgment was not appealed.

110. There is no avenue for appeal for Defendant LVNV of this judgment as the time to appeal has passed.

111. Despite this knowledge, Defendants Equifax, Experian and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant LVNV, has told them to say.

112. Defendants Equifax, Experian and Trans Union know courts have condemned the practice of "parroting" but yet these Defendants continue to do so.

113. Defendants Equifax, Experian and Trans Union have a policy to favor the paying customer, in this situation Defendant LVNV, rather than what the consumer or the state court says about a debt.

## Reason for Keeping False Information on Credit Reports

114. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Equifax, Experian and Trans Union.

115. The importance of keeping false information on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to

13

wrench payment from a consumer is by placing and keeping false accounts on the consumer's credit reports.

116. Defendant LVNV has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who do not owe the alleged debt.

117. The reason is to keep false information on the credit report.

118. Defendant LVNV has promised through its subscriber agreements or contracts to accurately update accounts but Defendant LVNV has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

119. Defendant LVNV assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

120. Defendant LVNV has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false account on the credit report so that the consumer will be forced to pay money in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Equifax, Trans Union, Experian and LVNV Defendants' intentional and malicious conduct.

121. In parking or allowing the parking of an account, these Defendants know they are violating their obligations and duties under federal and state law to accurately report the account.

14

122. Defendants LVNV, Equifax, Experian and Trans Union know that parking a false account will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account Plaintiff does not owe.

123. Defendants LVNV, Equifax, Experian and Trans Union maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to Defendants LVNV, Equifax, Experian and Trans Union either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

124. At all relevant times the Defendants Equifax, Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

125. Defendant LVNV failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

## Summary of Wrongful Conduct

126.   Defendants LVNV, Equifax, Experian and Trans Union understand that combining collection lawsuits with credit reporting results in intense pressure being brought to bear upon an Alabama consumer such as Plaintiff.

127.   Defendant LVNV has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Defendants Equifax, Experian and Trans Union that Plaintiff owes the debt, that Plaintiff defaulted, and that the account was in collections with a balance currently owed.

128.   The Defendants Equifax, Experian and Trans Union have failed to maintain Plaintiff's account with maximum accuracy and these Defendants and Defendant LVNV have failed to properly investigate the account in response to the disputes made by Plaintiff.

129.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

130.   It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant LVNV), FCRA (Defendants LVNV, Equifax, Experian and Trans Union) and state law (all Defendants).

131.   All Defendants know their conduct is wrong.

16

132. For example, Defendant LVNV has been sued multiple times in Alabama for this type of conduct.

133. Defendants Equifax, Trans Union and Experian have been sued multiple times in Alabama for this conduct.

134. Defendant Equifax has a judgment against it in Federal Court in the Northern District of Alabama for this precise wrongful conduct.

135. Significant punitive damages are needed to stop this type of inappropriate behavior from continuing to happen.

136. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

137. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

138. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

139. All Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state

17

and federal law by their employees and agents, including, but not limited to, violations of the FCRA, FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## Summary of Legal Claims

140. All of the above-described collection activities made to Plaintiff by Defendant LVNV were made in violation of the FDCPA, including (but not limited to) §§ 1692d; 1692e; 1692e(2); 1692e(4); 1692e(5); 1692e(8); 1692e(10); 1692f; and 1692f(1).

141. The above-detailed conduct by these Defendants in harassing Plaintiff in an effort to collect this debt (directly or indirectly) was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

142. This series of abusive actions by Defendants and their agents caused Plaintiff stress and anguish.

143. Defendants LVNV, Equifax, Trans Union and Experian have violated the FCRA in their willful and negligent violations of their responsibilities to reasonably report on Plaintiff's credit report and investigate Plaintiff's dispute(s).

144. All Defendants have repeatedly violated Alabama state law which has proximately caused Plaintiff damages.

145. Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

18

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

146. Defendants negligently and/or wantonly hired, trained, retained, or supervised incompetent agents and employees and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I. (LVNV)

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

147. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

148. The acts and omissions of Defendant LVNV and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including but not limited to §§ 1692d; 1692e; 1692e(2); 1692e(4); 1692e(5); 1692e(8); 1692e(10); 1692f; and 1692f(1).

149. As a result of the violations of the FDCPA, Plaintiff is entitled to actual or compensatory damages; statutory damages; and reasonable attorney's fees, expenses, and costs, from Defendant LVNV.

### COUNT II. (LVNV, EQUIFAX, EXPERIAN AND TRANS UNION)

### VIOLATING THE FAIR CREDIT REPORTING ACT

150. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

151. Defendant Equifax, Experian and Trans Union are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

152. Defendant LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

153. Plaintiff notified Defendants Equifax, Experian and Trans Union directly of a dispute on the Defendant LVNV account's completeness and/or accuracy, as reported.

154. Defendants Equifax, Experian and Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

155. Plaintiff alleges that at all relevant times Defendant s Equifax, Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

156. Plaintiff alleges that Defendants LVNV, Equifax, Experian and Trans Union failed to conduct a proper and lawful reinvestigation. For example, Defendants LVNV, Equifax, Experian and Trans Union were given notice that the suit was tried with the Plaintiff winning the case, but Defendants LVNV Equifax, Experian and Trans Union apparently failed to review the court file or contact the court or contact counsel for Defendant LVNV. Other examples will become apparent once discovery is commenced.

157. All actions taken by the Defendants LVNV, Equifax, Experian and Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that

20

knew or should have known that their actions were in reckless disregard of the FCRA and state law.

158. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III. (ALL DEFENDANTS)

## INVASION OF PRIVACY

159. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

160. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

161. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

162. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

163.   Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and/or falsely credit report and thereby invaded Plaintiff's privacy.

164.   Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

165.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

166.   The conduct of the Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

167.   The false credit reporting by Defendant LVNV, Equifax, Trans Union and Experian naturally resulted in invasions of privacy of Plaintiff.

168.   As a result of all intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

169.   All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT IV. (ALL DEFENDANTS)

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

170.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

171.    Defendant LVNV collectors are allowed and encouraged to break the law in order to collect debts.

172.    Defendant LVNV is aware of the wrongful conduct of its collectors.

173.    Defendants LVNV, Equifax, Experian and Trans Union know and approve of their incompetent employees and agents who are involved in credit reporting.

174.    All Defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors and/or credit reporting individuals and/or entities, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### COUNT V (ALL DEFENDANTS)

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

175.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

176.    Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

177.    Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

178. It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

179. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

180. Defendants invaded the privacy of Plaintiff.

181. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

182. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants LVNV, Equifax, Experian and Trans Union for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

24

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following address:**

LVNV Funding, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Equifax Information Services, Inc.
c/o CSC Lawyers Incorporating SVC, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>01/07/2012 | ELECTRONICALLY FILED<br>1/7/2012 10:20 AM<br>CV-2012-900059.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
RAYMOND L. SHAW v. LVNV FUNDING, LLC ET AL

First Plaintiff:  ☐ Business  ☑ Individual  First Defendant:  ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FCRA AND FDCPA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage .
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawful Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture .
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM  O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED  T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056  1/7/2012 10:08:32 AM  /s/ JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



**AlaFile E-Notice**

01-CV-2012-900059.00

To:  JOHN GRIFFIN WATTS
     john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RAYMOND L. SHAW V. LVNV FUNDING, LLC ET AL
01-CV-2012-900059.00

The following complaint was FILED on 1/7/2012 10:20:20 AM

Notice Date:     1/7/2012 10:20:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/7/2012 10:20 AM
CV-2012-900059.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RAYMOND L. SHAW, an individual,      )
                                                )

     Plaintiff,                    )
                                              )

v.                                           )
                                           )   **Civil Action No.:**

LVNV FUNDING, LLC; EQUIFAX       )
INFORMATION SERVICES, LLC;      )
TRANS UNION, LLC; EXPERIAN      )
INFORMATION SOLUTIONS, INC.; et )
al.,                                         )
                                                )

     Defendants.                 )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propound the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state

the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

2

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203.**

3

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

4

## INTERROGATORIES

Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:

1.  State your procedures (and identify all documents related thereto) designed to assure the proper investigation or reinvestigation of disputed consumer data and the overall accuracy of the information in your consumer credit database and consumer reports or disclosures you issued.

2.  For each dispute of any type from or related to the Plaintiff or concerning any account of Plaintiff, please describe the process of the investigation and the result of the investigation as set forth below:

    a.  List the date of each such dispute;

    b.  Describe the policy and procedure for investigating the dispute including what documents are to be consulted or reviewed; what documents are to be generated; and the identities or description of who is to be involved in any manner with making the decisions;

    c.  For each dispute (listing the date) describe in detail whether the above described policy and procedure for investigating the dispute was followed; what documents were consulted or reviewed; what documents were generated; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the investigation; and the result of the investigation.

3.  For each dispute that was received by you related to the Plaintiff, identify the following:

    a.  The amount of time the person or persons spent investigating each dispute;

    b.  Whether each person or persons are employed by you;

5

    c.      Whether each person or persons could make an outbound call in the investigation;

    d.      Whether each person or persons could send or receive an email;

    e.      Whether each person or persons could send or receive a fax;

    f.      The amount of compensation each such person or persons received for the investigation; and

    g.      Whether each person or persons complied with your policies and procedures in the investigation of the Plaintiff's dispute.

4.     Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

    a.      Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

    b.      If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

    c.      Please explain and describe your understanding of their knowledge of such facts.

5.     Identify all suits against you or any related company since January 1, 2008, related to a claim that you had improperly investigated or failed to maintain procedures to insure maximum accuracy related to an alleged consumer's account(s) and/or consumer disclosure/credit report of any type. State for each case whether you reported information

that was accurate or false. Finally, for each suit, state what changes were made to your policies and procedures.

6.  Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as the Plaintiff, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiffs' complaint, or your answer, anticipated answer and/or defenses thereto.

7.  Please state whether you have reported any accounts of or related to the Plaintiff to any recipients and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with the report, and explain and describe the manner and identifiers under which you received the information.

8.  State all of the facts and describe all actions you took, including not limited to correspondence and communications with any consumer reporting agency, furnisher, creditor or potential creditor, or the plaintiff, with regard to or which in any way references the Plaintiff and/or any of the accounts of the Plaintiff.

9.  State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database as set forth in §1681e(b). Please also state your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure you conduct a reasonable and proper reinvestigation of any disputed accounts as set forth in §1681i.

7

10. If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

11. If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

12. State whether you have reported data on the Plaintiff's consumer reports or consumer disclosures which is inaccurate and, if so, state why such inaccurate information was placed on his/her/their consumer report(s) or consumer disclosures, state the date(s) such report(s) / disclosures was (were) issued, to whom the report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on his/her/their consumer report(s) or disclosures.

13. Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject[s] of any defense[s] you have raised to this lawsuit.

14. Please list, explain and describe each and every contact or communication you received from (and all documents you sent) your co-defendants which, in any way, referenced Plaintiff. This request would include any GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls and other means of communication.

8

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:

1.  Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of his personal identifiers.

2.  Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3.  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to any consumer reporting agency, during each of the three (3) years prior to this lawsuit and up to the present.

4.  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering previously reported data to any consumer reporting agency or any other entity, during each of the three (3) years prior to this lawsuit and up to the present.

5.  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, during each of the three (3) years prior to this lawsuit and up to the present.

6.  Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the three (3) years prior to this lawsuit and up to the present.

9

7.    Please produce your policy manuals, procedure manuals, or other documents or video, which are provided to your employees or independent contractors concerning retention, alteration, correction, investigation, dissemination or disposal of data provided to any consumer reporting agency or any other entity or placed in any report during each of the three (3) years prior to this lawsuit and up to the present.

8.    Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

9.    Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes, including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls, and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or furnisher, in each of following three (3) years prior to this lawsuit and up to the present.

10.   Please produce all of your documents evidencing or including data concerning the names, addresses, telephone numbers and personnel files of current employees and current whereabouts of each and every one of your employees who communicated with Plaintiff, investigated the plaintiff's dispute, or handled, processed, updated in any way Plaintiff's credit reports and/or accounts or tradelines.

11.   Please provide a complete audit trail of any document(s), computer(s), or other data held by you which constitute, indicate, address or discuss your investigation or reinvestigation or modifying or amending any information regarding Plaintiff reported by you.

10

12.    Please produce all documents which constitute consumer dispute verification (CDV's),
       Universal Data correction forms, correspondence with any consumer reporting agency,
       data deletion forms, or any other documents which request an alteration and/or deletion
       of data you or any other defendant, individual or entity had reported about Plaintiff,
       which contained any one of Plaintiff's personal identifiers.

13.    Please produce your documents evidencing, referencing, constituting and/or containing
       your subscriber contracts, subscriber names, subscriber codes, personal identification
       numbers, reporting policies, means and procedures and/or access codes and specify what
       time periods such contracts, names, codes, personal identification numbers and/or access
       codes were used or made available to you by any party to this case.

14.    Please produce your documents which evidence, constitute and/or address your
       communications with Plaintiff or anyone acting on behalf of Plaintiff.

15.    Please produce copies of your documents evidencing telephone messages, log books or
       other regularly maintained records by you which contain information about
       communications between you and Plaintiff and/or any other defendant in this action
       and/or any consumer reporting agency or collection agency or furnisher or government
       bureau or any Better Business Bureau which in any way relates to the account or
       Plaintiff.

16.    Please produce all documents which refer in any manner to the Plaintiff or any of
       Plaintiff's accounts, including but not limited to credit reports or consumer reports.

17.    Please produce any and all documents identified, relied upon or referred to by you in your
       responses to Plaintiff's interrogatories.

11

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiffs demand that the following be admitted or denied:**

1.  You agree when a debt buyer loses a case on a particular account against a consumer, that account must not be reported by the debt buyer on the consumer's credit report.

2.  You sent proper notification to LVNV within the time limits of FCRA on all disputes by Plaintiff related to the LVNV account.

3.  You agree there should not be an LVNV account reporting on Plaintiff's credit report related to the account LVNV sued Plaintiff on.

4.  You believe consumers should value accurate credit reporting.

5.  You believe consumers have the right to have accurate credit reporting.

6.  You believe that you should follow a judge's decision on whether a debt is owed or not owed.

7.  The only investigation you performed is to ask LVNV what it wanted done with the account that Plaintiff disputed.

8.  You did not contact the court where the suit was filed as you conducted your investigation.

9.  You did not contact counsel for LVNV to see if the claim of Plaintiff that he had won his case was correct.

10. You did not contact counsel for LVNV in your investigation.

11. You believe consumers should be able to trust that you will perform a reasonable investigation of disputes on credit reports.

12

12.  In your marketing materials you use the phrase "credit reports" when referring to reports on consumers.

13.  You outsourced part of the investigation process related to Plaintiff to non Americans.

14.  You did not contact Plaintiff during your investigation other than to tell Plaintiff the results of the investigation.

15.  You had contact information on Plaintiff as you conducted your investigation.

16.  You had the ability to contact Plaintiff as you conducted your investigation.

17.  You had the ability to contact the court where the judgment was entered as you conducted your investigation.

18.  You had the ability to place a phone call to LVNV as you conducted your investigation.

19.  You had the ability to place a phone call to counsel for LVNV as you conducted your investigation.

20.  The only communication you had with LVNV related to Plaintiff's dispute was through an automated process.

21.  The only communication you had with LVNV related to Plaintiff's dispute was through electronic means.

22.  You have been sued under the FCRA more than 10 times in the state of Alabama for alleged failures to properly investigate a dispute after a consumer won a debt buyer collection lawsuit.

23.  You have been sued under the FCRA more than 20 times in the state of Alabama for alleged failures to properly investigate a dispute after a consumer won a debt buyer collection lawsuit.

13

24.     You have been sued under the FCRA more than 40 times in the state of Alabama for alleged failures to properly investigate a dispute after a consumer won a debt buyer collection lawsuit.

25.     You received, in 2010, more than 10,000 disputes related to LVNV tradelines.

26.     You received, in 2011, more than 10,000 disputes related to LVNV tradelines.

27.     You received, in 2010, more than 1,000 disputes related to LVNV tradelines.

28.     You received, in 2011, more than 1,000 disputes related to LVNV tradelines.

29.     On December 2, 2011, Equifax sent the results of investigation to Plaintiff and kept the LVNV account on Plaintiff's credit reports.

30.     On December 8, 2011, Trans Union sent the results of investigation to Plaintiff and kept the LVNV account on Plaintiff's credit reports.

31.     On December 2, 2011, Experian sent the results of investigation to Plaintiff and kept the LVNV account on Plaintiff's credit reports.

32.     If Plaintiff had disputed the LVNV account with you again, you would have not investigated it.

33.     If Plaintiff had disputed the LVNV account with you again, you would have deemed the dispute to be frivolous.

34.     You did not request that the Plaintiff give you more time to conduct your investigation.

14

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

15

ELECTRONICALLY FILED
1/7/2012 10:20 AM
CV-2012-900059.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RAYMOND L. SHAW, an individual, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **Civil Action No.:** |
| LVNV FUNDING, LLC; EQUIFAX | ) |
| INFORMATION SERVICES, LLC; | ) |
| TRANS UNION, LLC; EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC.; et | ) |
| al., | ) |
| | ) |
|     Defendants. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF TRANS UNION, LLC BY VIDEO AND/OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**    **Corporate Representative of Trans Union, LLC**

**DATE:**    **April 26, 2012**

**TIME:**    **10:00 a.m.**

**PLACE:**    **Watts & Herring, LLC**
                **The Kress Building**
                **301 19th Street North**
                **Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1.    All allegations of fact stated in the complaint in this lawsuit.

2.      All affirmative defenses asserted by the Defendant.

3.      Whether or not Defendant's credit reporting on the subject account was accurate.

4.      The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff would result in accurate credit reportings relating to Plaintiff.

5.      The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

6.      The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the investigation or reinvestigation of any trade lines appearing on Plaintiff's credit report.

7.      The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those investigations or reinvestigations.

8.      Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

9.      Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

10.     The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

11.     The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

12.     The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

13.     The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

14.     The identity, content, and number of computer systems used to maintain data on consumers, their accounts, collections or applications and the access given to each of those systems.

15.     Scope of Defendant's employees' authority to correct credit reporting errors.

16.     Outsourcing by Defendant of any of the investigation or reinvestigation process.

17.     The existence and content of any policy or procedure for handling credit reporting reinvestigations.

18.     The documents which are regularly maintained by the Defendant relative to any investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

19.     The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

20.     The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

21.     The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

22.     Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

23.     Any releases or waivers signed by the Plaintiff.

24.     Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

25.     Whether or not the Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at § 1681a(c).

26.     The existence of, date of and receipt of any credit applications from the Plaintiff.

27.     The procedures in place at the Defendant to ensure that false or inaccurate information is not reported on any consumer's credit report.

28.     Whether or not the Defendant has reported credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

29.     The time, place, manner, and content of any reporting of credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

30.     The format of the Defendant's credit reportings from the furnisher [e.g.] Metro or Metro II format.

31.     The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

32.    The capability of the Defendant's computer to reproduce records of past credit reportings of the Plaintiff.

33.    Whether or not Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

34.    The time and form in which any consumer dispute was received, and the identity of any persons reviewing or acting on it.

35.    The time, place, and manner in which any actions were taken in response to any such notice of a consumer dispute.

36.    The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the furnisher, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

37.    The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

38.    The identity of any individual who participated in or supervised any investigation or reinvestigation of a credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

39.    The existence and nature of the legal relationship between the furnisher and Defendant.

40.    Whether or not the Defendant's actions in relation to its reporting of credit data relating to the Plaintiff was willful.

41.    Whether or not the Defendant willfully failed in its duties to properly investigate or reinvestigate credit disputes sent by the Plaintiff to consumer reporting agencies.

42.    Whether or not the Defendant's actions in investigating or reinvestigating its credit reporting relating to the Plaintiff was willful.

43.    The motive and intent of the Defendant's actions in relation to its reporting and investigation or reinvestigation of the credit information relating to Plaintiff's personal identifiers.

44.    Defendant's procedures to comply with § 1681(e) requirements.

45.    The policies and procedures on investigating accounts by debt buyers when consumers claim they have won the collection case.

46.    Proper reporting for an account the debt buyer lost at trial.

-4-

Plaintiff hereby requests all deponents bring all documents responsive to and in support of the categories listed above and all documents related to any discovery request and present the originals of these documents for inspection and copying at the deposition.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant

must bring the following documents with them to the deposition:

1.      All documents responsive to the Request for Production of Documents and documents

related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND L. SHAW, an individual,            )
          Plaintiff,                    )
                           )
v.                                          )
                           )    Case No.: _____
LVNV FUNDING, LLC; EQUIFAX                  )
INFORMATION SERVICES, LLC;                  )
TRANS UNION LLC; EXPERIAN                    )
INFORMATION SOLUTIONS, INC.;                )
et al,                                      )
          Defendants.                  )

## JOINDER IN AND CONSENT TO REMOVAL FOR
## DEFENDANT EQUIFAX INFORMATION SERVICES, LLC

Without waiving any other defenses, Equifax Information Services, LLC, hereby

joins in and consents to the removal of this action from the Circuit Court of Jefferson

County, Alabama, to this Court.

Equifax Information Services, LLC first received a copy of the Complaint, the

initial pleading setting forth the claim for relief upon which this action is based, on

January 12, 2012.

Respectfully submitted,

Victoria Franklin-Sisson
Jones, Walker, Waechter, Poitevent,
   Carrere & Denegre, L.L.P.
One Federal Place
1819 Fifth Avenue North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Facsimile: (205) 244-5414
Email: vsisson@joneswalker.com

*and*

Brian J. Olson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 215-5806
Facsimile:  (404) 572-5100
Email: bjolson@kslaw.com

COUNSEL FOR DEFENDANT
EQUIFAX INFORMATION SERVICES,
LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RAYMOND L. SHAW, an individual,** | ) | **Case No.:** _____ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LVNV FUNDING, LLC; EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC;** | ) | |
| **TRANS UNION LLC; EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.;** | ) | |
| **et al,** | ) | |
| | ) | |
| **Defendants.** | | |

## JOINDER IN AND CONSENT TO REMOVAL FOR
## DEFENDANT LVNV FUNDING, LLC

Without waiving any other defenses, LVNV Funding, LLC, hereby joins in

and consents to the removal of this action from the Circuit Court of Jefferson

County, Alabama, to this Court.

LVNV Funding, LLC first received a copy of the Complaint, the initial

pleading setting forth the claim for relief upon which this action is based, on

January 13, 2012.

Respectfully submitted,

Neal D. Moore
Patrick W. Franklin

Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243
Telephone: (205) 879-8722
Facsimile: (205) 879-8831
Email: ndm@ffdlaw.com
Email: pwf@ffdlaw.com
*COUNSEL FOR DEFENDANT*
*LVNV FUNDING, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RAYMOND L. SHAW, an individual,      )
                                  )
        Plaintiff,               )
                                  )
v.                                 )     Case No.: _____

LVNV FUNDING, LLC; EQUIFAX     )
INFORMATION SERVICES, LLC;     )
TRANS UNION LLC; EXPERIAN      )
INFORMATION SOLUTIONS, INC.;   )
FICTITIOUS DEFENDANTS A, B, and C, )
being that person, entity or individual who )
collected on the account or performed any )
credit reporting activities; FICTITIOUS  )
DEFENDANTS D, E, and F, being that   )
person, entity or individual who negligently )
hired, trained and supervised the person or )
entity charged with collecting on the     )
account or performed any credit        )
reporting activities; FICTITIOUS       )
DEFENDANTS G, H, and I, being that   )
person, entity or individual who threatened )
or did cause harm to Plaintiffs including  )
credit reporting; FICTITIOUS          )
DEFENDANTS J, K, and L, being that   )
person, entity or individual who committed )
the wrongful acts alleged in the Complaint. )
Names of the Fictitious parties are unknown )
to the Plaintiffs at this time but will be    )
added by amendment when ascertained, )
                                  )
        Defendants.             )

**JOINDER IN AND CONSENT TO REMOVAL FOR
DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**

Without waiving any other defenses, Experian Information Solutions, Inc., hereby

joins in and consents to the removal of this action from the Circuit Court of Jefferson

County, Alabama, to this Court.

Experian Information Solutions, Inc. first received a copy of the Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on January 13, 2012.

Respectfully submitted,

Laura C. Nettles (ASB-5805-S63L)
**COUNSEL FOR DEFENDANT**
**EXPERIAN INFORMATION SOLUTIONS, INC.**

**OF COUNSEL:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
2501 20th Place South, Suite 300
Birmingham AL 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
lnettles@lgwmlaw.com

2